UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE P. RUIZ,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. C97-5762RJB
CR95-5851RJB

ORDER

    This matter comes before the court on three motions filed in petitioner's criminal and civil cases. The court has reviewed the record in these cases.

**1. History of Criminal Conviction**

    In an order dated February 9, 2000, United States District Judge Jack E. Tanner set forth the history of petitioner's conviction and sentence, as follows:

> Ruiz was tried twice on charges of conspiracy to distribute, distribution, and possession with intent to distribute cocaine. His first trial resulted in a mistrial when the jury declared that it was hopelessly deadlocked. The second trial resulted in a conviction. Ruiz was initially sentenced to 210 months in custody. After a successful appeal, he was resentenced to 168 months in custody.

Dkt. 29, at 1.

**2. Proceedings and Motions in Civil Case No. C97-5762RJB**

    On December 26, 1997, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Dkt. 1. On February 9, 2000, United States District Judge Jack E. Tanner issued an order denying petitioner's motion under 28 U.S.C. § 2255. Dkt. 29. Petitioner appealed the February 9, 2000 order, and on May 13, 2002, the Ninth Circuit U.S. Court of Appeals affirmed the district court

ORDER
Page - 1

judgment. Dkt. 34. Petitioner filed a document with the Ninth Circuit, captioned Application for Relief FRAP 27(a)(1). See Dkt. 35. The Ninth Circuit considered this an application for authorization to filed a section motion under 28 U.S.C. § 2255, and denied the application. *Id.*

On July 20, 2005, petitioner filed a document captioned Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6). Dkt. 36. On September 30, 2005, Judge Tanner issued an order interpreting this motion as a Motion for Reconsideration, construing the motion as a second or successive motion under 28 U.S.C. § 2255, and dismissing the motion for want of jurisdiction. Dkt. 37. On October 11, 2005, the order dismissing petitioner's motion for relief from judgment was returned as undeliverable to the Clerk's office by the U.S. Post Office. Dkt. 38.

On October 13, 2005, petitioner filed a Motion to Compel F.R.Civ.P. 79(a) (Dkt. 39), and a Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6) (Dkt. 40).

*Motion to Compel*. In this motion (Dkt. 39), petitioner requests that the court file the Motion for Relief from Judgment that the court had received on July 20, 2005. Petitioner contended that the court failed to or refused to docket this motion. *Id.* at 2. Petitioner is incorrect. The court received petitioner's Motion for Relief from Judgment on July 20, 2005. Dkt. 36. Judge Tanner subsequently dismissed the motion. Dkt. 37. Petitioner's Motion to Compel is without merit, since his motion for Relief from Judgment was properly filed. The Motion to Compel (Dkt. 39) should be denied.

*Motion for Relief from Judgment*. This document, filed on October 13, 2005 (Dkt. 40), is identical to the Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6) that petitioner filed on July 20, 2005, with the exception that it is stamped "NUNC PRO TUNC JULY 20, 05." It does not appear that petitioner intended that this be filed as a separate motion, but as an attachment to his Motion to Compel. Petitioner apparently believed that his original Motion for Relief from Judgment was never filed; the motion had in fact been filed, and had been ruled upon by Judge Tanner on September 30, 2005. *See* Dkt. 37. The document filed on October 13, 2005, captioned Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6), is a duplicate of the motion petitioner filed on July 20,2005, and that motion has been ruled upon. The motion noted on the court's calendar (Dkt. 40) should be stricken from the court's calendar.

**3. Proceedings and Motions in Criminal Case No. CR 95-5851RJB**

On March 7, 2005, petitioner filed a Motion for Writ of Audita Querela. Dkt. 166. This motion was filed in the criminal case, and was not assigned a separate civil case number. On August 9, 2005, Judge Tanner dismissed the motion, finding as follows:

> Defendant seeks resentencing by way of a Writ of *Audita Querela* based upon United States v. Booker, 125 S.Ct. 738 (2005). The Defendant's sentence became final prior to the Booker decision. Booker does not apply retroactively to cases that became final prior to January 12, 2005. Guzman v. United States, 2005 WL 803214.

Dkt. 170, at 1-2. On August 22, 2005, petitioner appealed the August 9, 2005 order. Dkt. 171. That appeal is pending.

On November 7, 2005, petitioner filed a Transcript Designation Form, indicating that this was a criminal appeal and designating portions of the transcript. Dkt. 178. On November 7, 2005, petitioner filed a motion, requesting that he be provided the transcripts designated, because he is proceeding *in forma pauperis*. Dkt. 179. On January 9, 2006, petitioner filed another motion requesting that he be provided transcripts, citing a criminal statute. Dkt. 186.

The pending appeal is not an appeal of petitioner's criminal case; it is an appeal of an order dismissing his postconviction motion. Petitioner is not entitled to portions of his transcript in this civil motion. Morever, petitioner's Motion for Writ of Audita Querela was dismissed on procedural grounds–that *United States v. Booker* does not apply retroactively. Petitioner has not shown that a transcript of proceedings is necessary for the appellate court to rule on the appeal. Petitioner's motions, requesting that he be provided the transcripts designated, because he is proceeding *in forma pauperis*, (Dkt. 179 and 186) should be denied.

Therefore, it is hereby

**ORDERED** that petitioner's Motion to Compel F.R.Civ.P. 79(a) (C97-5762RJB, Dkt. 39) is **DENIED**. The Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6) (C97-5762RJB, Dkt. 40) is **STRICKEN** from the court's calendar. Petitioner's motions, requesting that he be provided the transcripts designated, because he is proceeding *in forma pauperis* (CR95-5851RJB, Dkt. 179 and 186) are **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of January, 2006.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge

ORDER
Page - 4