1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE P. RUIZ,

              Petitioner,

      v.

UNITED STATES OF AMERICA,

             Respondent.

Case No. C97-5762RJB
CR95-5851RJB

ORDER DENYING A
CERTIFICATE OF
APPEALABILITY

This matter comes before the court on petitioner's notice of appeal (CR95-5851RJB, Dkt. 181). The court must determine whether to grant a Certificate of Appealability. The court has reviewed the record in both the criminal and civil cases.

**1. History of Criminal Conviction**

In an order dated February 9, 2000, United States District Judge Jack E. Tanner set forth the history of petitioner's conviction and sentence, as follows:

> Ruiz was tried twice on charges of conspiracy to distribute, distribution, and possession with intent to distribute cocaine. His first trial resulted in a mistrial when the jury declared that it was hopelessly deadlocked. The second trial resulted in a conviction. Ruiz was initially sentenced to 210 months in custody. After a successful appeal, he was resentenced to 168 months in custody.

C97-5762RJB, Dkt. 29, at 1.

**2. Proceedings and Motions in Criminal Case No. CR 95-5851RJB**

On March 7, 2005, petitioner filed a Motion for Writ of Audita Querela. CR95-5851RJB, Dkt. 166. That motion was filed in the criminal case, and was not assigned a separate civil case number. On August 9, 2005, Judge Tanner dismissed the motion, finding as follows:

Defendant seeks resentencing by way of a Writ of *Audita Querela* based upon <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). The Defendant's sentence became final prior to the <u>Booker</u> decision. <u>Booker</u> does not apply retroactively to cases that became final prior to January 12, 2005. <u>Guzman v. United States</u>, 2005 WL 803214.

CR95-5851RJB, Dkt. 170, at 1-2. On August 22, 2005, petitioner appealed the August 9, 2005 order. CR95-5851RJB, Dkt. 171.  The appeal of the August 9, 2005 order, although docketed in the criminal case, was a civil motion seeking postconviction relief.  The appeal is therefore properly characterized as a civil appeal.  On March 2, 2006, the Ninth Circuit issued an order, concluding that the motion for writ of audita querela was an attack on petitioner's conviction, and was therefore a second or successive motion subject to the requirements of 28 U.S.C. § 2255; and denied the application to file a second or successive motion.  CR95-5851RJB, Dkt. 196.

### 3.  Proceedings and Motions in Civil Case No. C97-5762RJB

On December 26, 1997, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  C97-5762RJB, Dkt. 1. On February 9, 2000, United States District Judge Jack E. Tanner issued an order denying petitioner's motion under 28 U.S.C. § 2255.  C97-5762RJB, Dkt. 29. Petitioner appealed the February 9, 2000 order, and on May 13, 2002, the Ninth Circuit U.S. Court of Appeals affirmed the district court judgment. C97-5762RJB, Dkt. 34.  Petitioner filed a document with the Ninth Circuit, captioned Application for Relief FRAP 27(a)(1).  *See* C97-5762RJB, Dkt. 35.  The Ninth Circuit considered this an application for authorization to file a motion under 28 U.S.C. § 2255, and denied the application. *Id.*

On July 20, 2005, petitioner filed a document captioned Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6).  C97-5762RJB, Dkt. 36.  On September 30, 2005, Judge Tanner issued an order interpreting this motion as a Motion for Reconsideration, construing the motion as a second or successive motion under 28 U.S.C. § 2255, and dismissing the motion for want of jurisdiction. C97-5762RJB, Dkt. 37.  On October 11, 2005, the order dismissing petitioner's motion for relief from judgment was returned as undeliverable to the Clerk's office by the U.S. Post Office.  C97-5762RJB, Dkt. 38.

On November 25, 2005, petitioner filed an appeal of Judge Tanner's September 30, 2005 order in the civil case, C97-5762RJB, Dkt. 37.  The appeal was docketed in the criminal case, so there was some confusion as to the record.  *See* CR95-5851RJB, Dkt. 181.  This appeal is a civil appeal of Judge Tanner's

September 30, 2005 order, C97-5762RJB, Dkt. 37.  Before this court is the issue of whether to grant petitioner a Certificate of Appealability in his appeal (CR95-5851RJB, Dkt. 181) of the September 30, 2005 order in C97-5762RJB, Dkt. 37.  This order denying a Certificate of Appealability will be docketed in both C97-5762RJB and CR95-5851RJB.

### 4.  Legal Standard

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 120 S.Ct. at 1604.

### 5.  Discussion

Judge Tanner construed petitioner's Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6) (97-5762RJB, Dkt. 36) as a second or successive motion under 28 U.S.C. § 2255, and dismissed the motion for want of jurisdiction.  See C97-5762RJB, Dkt. 37. There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling.  The motion for a Certificate of Appealability should be denied.  Nothing in this order, however, prohibits petitioner from filing with the Ninth Circuit a motion pursuant to 28 U.S.C. § 2255, requesting authorization from the Ninth Circuit to file a second or successive motion under Section 2255.

1      Therefore, it is hereby

2          **ORDERED** that a Certificate of Appealability on petitioner's appeal (CR95-5851RJB, Dkt. 181)

3   of the September 30, 2005 order in C97-5762RJB is **DENIED**.

4          The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

5   party appearing *pro se* at said party's last known address.

6          DATED this 14th day of March, 2006.

7

8                                                    Robert J. Bryan
                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4