UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE P. RUIZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C97-5762RJB
CR95-5851RJB

ORDER DISMISSING MOTION TO VACATE SECTION 2255 JUDGMENT UNDER FRcvP60(b)(4)

    This matter comes before the court on petitioner's Motion to Vacate Section 2255 Judgment Under FrcvP 60(b)(4) [sic]. CR97-5762RJB, Dkt. 46. The court has reviewed the relevant document and the record in both the criminal (CR95-5851RJB) and civil (C97-5762RJB) cases.

**1. History of Criminal Conviction**

    In an order dated February 9, 2000, United States District Judge Jack E. Tanner set forth the history of petitioner's conviction and sentence, as follows:

> Ruiz was tried twice on charges of conspiracy to distribute, distribution, and possession with intent to distribute cocaine. His first trial resulted in a mistrial when the jury declared that it was hopelessly deadlocked. The second trial resulted in a conviction. Ruiz was initially sentenced to 210 months in custody. After a successful appeal, he was resentenced to 168 months in custody.

C97-5762RJB, Dkt. 29, at 1.

**2. Proceedings and Motions in Criminal Case No. CR 95-5851RJB**

    On March 7, 2005, petitioner filed a Motion for Writ of Audita Querela. CR95-5851RJB, Dkt. 166. That motion was filed in the criminal case, and was not assigned a separate civil case number. On

ORDER
Page - 1

August 9, 2005, Judge Tanner dismissed the motion, finding as follows:

> Defendant seeks resentencing by way of a Writ of *Audita Querela* based upon <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). The Defendant's sentence became final prior to the <u>Booker</u> decision. <u>Booker</u> does not apply retroactively to cases that became final prior to January 12, 2005. <u>Guzman v. United States</u>, 2005 WL 803214.

CR95-5851RJB, Dkt. 170, at 1-2. On August 22, 2005, petitioner appealed the August 9, 2005 order. CR95-5851RJB, Dkt. 171. The appeal of the August 9, 2005 order, although docketed in the criminal case, was a civil motion seeking postconviction relief. The appeal is therefore properly characterized as a civil appeal. On March 2, 2006, the Ninth Circuit issued an order, concluding that the motion for writ of audita querela was an attack on petitioner's conviction, and was therefore a second or successive motion subject to the requirements of 28 U.S.C. § 2255; and denied the application to file a second or successive motion. CR95-5851RJB, Dkt. 196.

**3. Proceedings and Motions in Civil Case No. C97-5762RJB**

On December 26, 1997, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. C97-5762RJB, Dkt. 1. On February 9, 2000, United States District Judge Jack E. Tanner issued an order denying petitioner's motion under 28 U.S.C. § 2255. C97-5762RJB, Dkt. 29. Petitioner appealed the February 9, 2000 order, and on May 13, 2002, the Ninth Circuit U.S. Court of Appeals affirmed the district court judgment. C97-5762RJB, Dkt. 34. Petitioner filed a document with the Ninth Circuit, captioned Application for Relief FRAP 27(a)(1). *See* C97-5762RJB, Dkt. 35. The Ninth Circuit considered this an application for authorization to file a motion under 28 U.S.C. § 2255, and denied the application. *Id.*

On July 20, 2005, petitioner filed a document captioned Motion for Relief from Judgment or Order Pursuant to FRCivP Rule 60(b)(5) & (6) [sic]. C97-5762RJB, Dkt. 36. On September 30, 2005, Judge Tanner issued an order interpreting this motion as a Motion for Reconsideration, construing the motion as a second or successive motion under 28 U.S.C. § 2255, and dismissing the motion for lack of jurisdiction. C97-5762RJB, Dkt. 37. On October 11, 2005, petitioner's copy of the order dismissing petitioner's motion for relief from judgment was returned as undeliverable to the Clerk's office by the U.S. Post Office. C97-5762RJB, Dkt. 38.

On November 25, 2005, petitioner filed an appeal of Judge Tanner's September 30, 2005 order in the civil case, C97-5762RJB, Dkt. 37. The appeal was docketed in the criminal case, so there was some

ORDER
Page - 2

confusion as to the record. *See* CR95-5851RJB, Dkt. 181. On March 14, 2006, this court denied a Certificate of Appealability on the appeal. C97-5851RJB, Dkt. 45.

**4. Current Motion**

On April 24, 2006, petitioner filed a motion, captioned Motion to Vacate Section 2255 Judgment Under FrcvP 60(b)(4) [sic]. C97-5762RJB, Dkt. 46. Petitioner contends that the February 9, 2000 order denying his motion under 28 U.S.C. § 2255 (Case C97-5762RJB) is void because the district judge failed to make findings of fact and conclusions of law on the issues of Double Jeopardy and Confrontation.

Under Fed.R.Civ.P. 60(b)(4), the court may relieve a party from a final judgment, order, or proceeding if the judgment is void. In the motion before the court, petitioner raises claims that challenge the validity of the February 9, 2000 order denying his motion under 28 U.S.C. § 2255. On May 13, 2002, that order was affirmed by the Ninth Circuit U.S. Court of Appeals. The proceedings in C97-5762RJB are concluded with regard to the February 9, 2000 order. Petitioner's motion should be denied as untimely. To the extent that petitioner intends by this motion to raise issues as yet another collateral attack on his conviction, the motion is a second or successive motion under 28 U.S.C. § 2255, and petitioner has not shown that he has obtained authorization from the Ninth Circuit for this court to consider the motion. Finally, to the extent that petitioner raises issues relevant to the pending appeal in C97-5762RJB, those issues are not before this court. The court should deny petitioner's Motion to Vacate Section 2255 Judgment Under FrcvP 60(b)(4).

In the event that petitioner files an appeal of this order, a Certificate of Appealability should be denied for the reasons set forth above.

Therefore, it is hereby **ORDERED** that petitioner's Motion to Vacate Section 2255 Judgment Under FrcvP 60(b)(4), (CR97-5762RJB, Dkt. 46) is **DENIED**. In the event that petitioner files an appeal of this order, a Certificate of Appealability is **DENIED**.

/
/
/
/
/

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is directed to file this order in both the criminal (CR95-5851RJB) and civil (C97-5762RJB) cases.

DATED this 2nd day of May, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 4